IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW LYNCH, | : |
| Plaintiff, | : CIVIL ACTION |
| | : NO. |
| v. | : |
| PRIMECARE MEDICAL, INC., | : JURY TRIAL DEMANDED |
| DR. MARGARET CARRILLO, | : |
| DR. MANGALA KHADILKAR, | : |
| Defendants. | |

**PLAINTIFF'S COMPLAINT**

**I.    PRELIMINARY STATEMENT**

1.   This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988 as well as the Eighth and Fourteenth Amendments to the United States Constitution and under the Commonwealth of Pennsylvania Constitution and raising supplemental state-law claims concerning defendants' deliberate indifference and negligence for their decision to abruptly discontinue plaintiff from Klonopin, a medication which plaintiff needed for severe anxiety, as well as their failure to properly wean plaintiff off of this medication, all of which caused him severe pain and suffering during and after his incarceration at the Montgomery County Correctional Facility ("MCCF") in Eagleville, Pennsylvania from September 29 through December 11, 2017. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343; pendent jurisdiction of this Court to consider claims under state law; and supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 (a) to hear and adjudicate state law claims.

1

2. Due to defendants' actions and inactions, plaintiff suffered both physical and emotional injuries.

3. Plaintiff now seeks damages for the substantial pain and suffering and financial losses caused by defendants' conduct.

## II. JURISDICTION

4. The Court has jurisdiction over the subject matter of this complaint under 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343 (a) (3), 1343 (a) (4) and 1367 (a).

## III. PARTIES

5. Plaintiff, Matthew Lynch, who is 32 years old, was at all times relevant to this complaint, an inmate at the Montgomery County Correctional Facility in Montgomery County, Pennsylvania and an adult resident of Ambler, Pennsylvania.

6. Defendant, PrimeCare Medical, Inc., which has a principal place of business in Dauphin County, Pennsylvania, was at all times relevant to this complaint, the holder of a contract to provide all medical services to inmates at MCCF.

7. Defendant, Dr. Margaret Carrillo, at all times relevant to this complaint, was employed as a medical physician and the Medical Director for defendant PrimeCare Medical, Inc. and assigned to provide and supervise medical services at MCCF in 2017.

8. Defendant, Dr. Mangala Khadilkar, at all times relevant to this complaint, was employed as a psychiatrist for defendant PrimeCare Medical, Inc. and assigned to provide psychiatric treatment and services for inmates at MCCF in 2017.

9. At all times relevant to this complaint, all defendants acted under color of state law.

10. At all times relevant to this complaint, all defendants acted in concert and conspiracy and were jointly and severally responsible for the harms caused to plaintiff.

11. At all times relevant to the complaint, the individual medical defendants were acting as agents, servants, and/or employees of defendant PrimeCare Medical, Inc., and were acting within the scope and course of their employment, and under the direct control and supervision of defendant PrimeCare Medical, Inc. The individual medical defendants are sued in their individual capacities.

### IV. FACTUAL ALLEGATIONS

12. On or about September 29, 2017, plaintiff was admitted to MCCF due to a technical violation of special state probation following his arrest in Philadelphia.

13. At the time of plaintiff's admission to MCCF, he reported to the PrimeCare Medical, Inc. medical personnel that he was taking Klonopin (one milligram twice a day) for severe anxiety and Post-Traumatic Stress Disorder (PTSD) by prescription from his psychiatrist.

14. Plaintiff had taken this medication for eight years prior to his admission to MCCF and it was the only medication that helped him with his symptoms from these conditions.

15. When plaintiff was admitted to MCCF, he immediately notified the medical personnel from PrimeCare Medical, Inc. who interviewed him that he needed to remain on Klonopin to help him with his anxiety disorders.

16. Plaintiff also told the medical personnel from PrimeCare Medical, Inc., that he would suffer severe withdrawal symptoms if the medical defendants abruptly stopped this medication.

17. The PrimeCare Medical, Inc. personnel who initially interviewed plaintiff upon his admission to MCCF noted in his medical records that he was overly anxious and were aware

of his prescription for Klonopin and the severe withdrawal symptoms that he suffered in the past when he abruptly stopped taking this medication.

18. The PrimeCare Medical, Inc. personnel who conducted plaintiff's intake interview verified with his pharmacy that plaintiff had a prior prescription for Klonopin, the date that it was last filled, the dosage, frequency and number of pills dispensed.

19. Defendant Khadilkar is a psychiatrist and upon information and belief, an employee of defendant PrimeCare Medical, Inc at the time that plaintiff was incarcerated at MCCF.

20. After plaintiff was admitted to MCCF, defendant Khadilkar made the decision to abruptly stop plaintiff's Klonopin prescription.

21. Defendant Khadilkar made the decision to quickly taper and then take plaintiff off of this medication in early October 2017.

22. On or about October 3, 2017. Defendant Carrillo saw plaintiff in the MCCF Medical Department for symptoms of Klonopin withdrawal which caused plaintiff to feel jittery and concerned that he might have a seizure.

23. Plaintiff explained to defendant Carrillo that his prior physicians tried without success to wean him off Klonopin in the past.

24. At the time of plaintiff's visit with defendant Carrillo, she was aware that defendant Khadilkar opted not to continue plaintiff's Klonopin prescription and decided to discontinue the Klonopin taper and start a new protocol for detoxification with other anti-anxiety medications for five days.

25. On or about October 10, 2017, plaintiff saw Physician Assistant Kenyatta Harris in the MCCF Medial Department due to withdrawal symptoms (inability to sleep, restlessness and constantly being on edge) from the decreasing dosage of Klonopin.

26. Harris started plaintiff on new medication and continued the Klonopin taper.

27. Harris's notes and plan were reviewed and approved by defendant Khadilkar.

28. Plaintiff was taken off of Klonopin on or about October 10, 2017 per order of defendant Khadilkar.

29. From on or about October 10, 2017 through December 2017, while at MCCF, plaintiff suffered severe withdrawal symptoms from the defendants' decisions to abruptly stop plaintiff's Klonopin prescription, which included psychosis, hallucinations, inability to sleep, racing heart, seizures, panic attacks, an inability to speak, confusion, disconnect and disorientation.

30. Between October and December 2017, plaintiff went to the MCCF Medical Department numerous times, where he complained of severe withdrawal symptoms and negative side effects from new medications, all of which were documented in his medical records.

31. Plaintiff was released from MCCF on or about December 11, 2017.

32. When Plaintiff returned to his home in Montgomery County, due to the abrupt and sudden discontinuance of Klonopin and the resulting severe withdrawal symptoms that he underwent at MCCF, he experienced nightmares; an inability to complete college coursework that he had started before he was incarcerated; an inability to work; pain in his nerves, eyes and head; an inability to work on his music career; seizures; loss of consciousness; difficulty with

motor skills; panic attacks; difficulty speaking and dizziness, all of which caused him severe pain and suffering.

33. The defendants' decision to discontinue Klonopin and plaintiff's resulting symptoms have continued up to the present time.

### Medical Defendants' Violation of Plaintiff's Constitutional Rights and Violation of their Duty of Care to Plaintiff

34. As a result of defendants' decisions to abruptly stop plaintiff's medication, plaintiff experienced severe physical and mental pain and suffering and caused plaintiff great harm due to the fact that defendants did not act consistently with generally accepted medical standards of care.

35. The harms to plaintiff described above were the direct and proximate result of the failure by the medical defendants to keep plaintiff on Klonpin or to properly wean plaintiff off of Klonopin for a much longer period of time than occurred.

36. At all relevant times, the medical defendants were aware of plaintiff's serious medical needs and failed, with deliberate indifference, to ensure that plaintiff received needed proper medical evaluation, medication and treatment.

37. At all times relevant to this complaint, the conduct of all defendants was in willful, reckless and callous disregard of plaintiff's rights under federal and state law.

38. As a direct and proximate result of the conduct of all defendants, plaintiff suffered and continues to suffer physical and psychological harm, pain and suffering, some or all of which may be permanent, and financial losses.

## V. CLAIMS FOR RELIEF

### A. FIRST CAUSE OF ACTION: DENIAL OF PROPER MEDICAL TREATMENT
### PLAINTIFF V. DEFENDANTS CARRILLO AND KHADILKAR
### FEDERAL CONSTITUTIONAL CLAIMS

39. The allegations set forth in paragraphs 1-38 inclusive, are incorporated as if fully set forth herein.

40. The foregoing conduct of the medical defendants, acting under color of state law, was undertaken in concert and conspiracy and as part of an effort to unlawfully deny plaintiff proper medical care and otherwise deprive plaintiff of his civil and constitutional rights, including plaintiff's rights, privileges and immunities under the Eighth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. §1983.

41. As a direct and proximate result of the medical defendants' actions, plaintiff suffered serious physical injuries, including nightmares; an inability to complete college coursework that he had started before he was incarcerated; an inability to work; pain in his nerves, eyes and head; an inability to work on his music career; seizures; loss of consciousness; difficulty with motor skills; panic attacks; difficulty speaking and dizziness.

42. As a direct and proximate result of the medical defendants' actions, plaintiff suffered and continues to suffer serious mental anguish, psychological and emotional distress and pain and suffering, some or all of which may be permanent.

43. As a direct and proximate result of the medical defendants' actions, plaintiff was subjected to physical and mental abuse without just cause.

44. At all times plaintiff requested proper medical treatment for his obvious injuries.

45. The actions of the medical defendants were undertaken in a menacing and arbitrary manner, designed to cause plaintiff fear, pain and distress.

46. The acts of the medical defendants were committed willfully, wantonly, maliciously, intentionally, outrageously, deliberately and/or by conduct so egregious as to shock the conscience.

47. The acts and omissions of the medical defendants were committed without cautious regard to due care, and with such wanton and reckless disregard of the consequences as to show defendants' indifference to the danger of harm and injury.

48. The individual medical defendants conspired to inflict harm on plaintiff and deprive him of his constitutional rights.

49. The medical defendants engaged in the aforesaid conduct for the purpose of violating plaintiff's constitutional rights by subjecting plaintiff to injury when they denied him proper medical treatment.

50. As a direct and proximate result of the medical defendants' illegal and unconstitutional actions, plaintiff suffered pain, fear, anxiety, physical injuries, severe emotional trauma and the loss of the enjoyment of life, all to his great detriment and loss.

51. As a direct and proximate cause of the medical defendants' illegal and unconstitutional actions, plaintiff suffered and continues to suffer financial loss and deprivation of other liberty interests to his great financial detriment and loss.

B. **SECOND CAUSE OF ACTION: STATE LAW NEGLIGENCE CLAIMS PLAINTIFF V. DEFENDANTS CARRILLO, KHADILKAR AND PRIMECARE MEDICAL, INC.**

52. Plaintiff incorporates paragraphs 1 through 51 of this complaint as though fully set forth herein. The medical defendants had a duty to comply with generally accepted medical standards of care in their medical treatment of plaintiff.

53. The medical defendants violated their duty of care to plaintiff.

54. The medical defendants' violation of their duty of care to plaintiff was a direct and proximate cause and a substantial factor in bringing about plaintiff's damages as outlined above, and, as a result the medical defendants are liable to plaintiff.

55. Because the individual medical defendants were acting as agents, servants and/or employees of defendant PrimeCare Medical, Inc., and because the defendants were acting within the scope and course of their employment, and under the direct control and supervision of defendant PrimeCare Medical, Inc., defendant PrimeCare Medical, Inc. is liable to plaintiff on the basis of *respondeat superior* liability.

## PUNITIVE DAMAGES

56. Plaintiff incorporates paragraphs 1 through 54 of this complaint as though fully set forth herein.

57. The conduct of the individual defendants was outrageous, malicious, wanton, willful, reckless and intentionally designed to inflict harm upon plaintiff.

58. As a result of the actions of the individual defendants alleged in the preceding paragraphs, plaintiff is entitled to punitive damages as to each cause of action.

## JURY DEMAND

Plaintiff demands a jury as to each defendant and as to each count.

WHEREFORE, plaintiff requests the following relief:

    a.    Compensatory damages;

    b.    Punitive damages;

    c.    Reasonable attorney's fees and costs; and

    d.    Such other and further relief as appears reasonable and just.

                           */s/ Laurie R. Jubelirer*
Laurie R. Jubelirer, Esquire
Jubelirer Law, LLC
Attorney for Plaintiff